## CHARLES H. ZOEBISCH v. J. K. RAUCH ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY.

Argued March 13, 1890—Decided March 24, 1890.

1. In assumpsit for the breach of a parol contract to buy a life-estate in realty from the plaintiff, who had bought said estate at sheriff's sale, evidence that, pending proceedings by the plaintiff to dispossess the life-tenant, they were suspended for a conference as to a compromise, is irrelevant.

2. Such action being against defendants jointly, and one having denied the authority of the other to bind him, a letter written by the former to the latter, after the alleged contract was made, directing him not to make any contract till the writer's return, is not irrelevant.

3. A contract cannot be said to have been completed if something remained to be agreed upon; and a direction to the jury to the effect that if the terms upon which the money was to be paid were not fully determined, the contract was not yet completed, was not erroneous.

4. A ratification presupposes knowledge of the act to be ratified; it was not error, therefore, to charge that there could be no binding ratification of the contract by one defendant, unless the latter had been fully informed of what the other defendant had done in relation thereto.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 144 January Term 1890, Sup. Ct.; court below, No. 25 April Term 1887, C. P.

On March 1, 1887, Charles A. Zoebisch brought assumpsit

against James K. Rauch, Charles R. Rauch, George W. Riegel, Otillia M. Reigel, Hendrick B. French and Laura French, for the breach by the defendants of an alleged parol contract to purchase of the plaintiff an estate for the life of defendant's father, Charles W. Rauch, in certain realty, and a ground rent of $600. Issue. By amendment, the last four defendants were subsequently stricken from the record, and the suit proceeded against the first two jointly.

At the trial, on November 14, 1889, the following facts were made to appear:

In 1877, the plaintiff obtained a judgment against Charles W. Rauch and levied upon a $600 ground rent and upon certain realty occupied by Rauch, in which the plaintiff claimed that Rauch had a life-estate as tenant by the curtesy. After a sale under this levy and the acknowledgment of the sheriff's deed to the plaintiff, he began a proceeding before A. L. Cope, Esq., justice of the peace, to dispossess the life-tenant.

On February 10, 1889, pending this proceeding, C. W. Rauch and his son C. R. Rauch, one of the defendants, visited the plaintiff in New York; at which time, as alleged by the plaintiff, C. R. Rauch, for himself and James K. Rauch, agreed to purchase from the plaintiff the life-estate and ground rent for the sum of $1,675. Subsequently, the plaintiff visited Bethlehem, where he was met by C. W. Rauch, the father, and the defendant James K. Rauch, the other defendant not being present, when further conversation as to the purchase was had, a final agreement reached, as alleged by plaintiff, and a deed drawn which plaintiff took home for execution. Two days later, C. W. Rauch died. The defendants alleged that C. W. Rauch's life-estate had been disposed of before plaintiff's levy, denied any agreement to purchase, and denied the authority of one to make a contract for the other. The plaintiff having called Mr. R. L. Cope made the following offer·of proof by him :

Plaintiff now offers to prove that after the sheriff's deed was received, a notice was served under the act of assembly upon Charles W. Rauch, who was in possession of this property, to remove from it; that, having failed to comply with this notice, proceedings were commenced before a justice of the peace, under the act of assembly, to recover possession of the property; and that after the warrant had been issued, and

while these proceedings were pending, Charles W. Rauch, one of the defendants in this case, came to the witness, Mr. Cope, as attorney for Mr. Zoebisch, and requested that these proceedings should be suspended until they could have an opportunity of conferring with the plaintiff and his counsel, to see whether the whole matter could not be compromised and arranged, and that at their request the proceedings were suspended temporarily, for the purpose of enabling them to make a compromise if possible.

Objected to, as incompetent and irrelevant, and because the only issue that is presented here for trial, is the question whether or not the plaintiff is the sheriff's vendee of the life-interest, and whether or not there was a contract on the part of the defendants to buy it.

By the court: The objection is sustained; exception.[1]

Plaintiff offers in evidence the precept or writ issued by A. L. Cope, J. P., and testified to by him, to summon a jury for the purpose of getting possession of the life-estate.

Objected to, as incompetent and irrelevant.

By the court: The objection is sustained; exception.[2]

The defendant offered in evidence a letter, in connection with the testimony of James K. Rauch that the letter was read to the father; offered for the purpose of showing that there was no contract made by Charles R. Rauch, and that nobody had authority to consummate the contract for him as his agent.

This letter, dated at Baltimore, February 16, 1887, directed to "Jim" and signed by "Charlie," was as follows:

"Should Z. come to Bethlehem this week, make no settlement or promise with him until I return. I will ratify no agreement in which I am not consulted. So, should he desire to bring matters to a close, say you can do nothing until my return. I authorize you to say that for me, should occasion require. But whatever you do, do not talk too much."

Objected to, as incompetent and irrelevant.

By the court: The objection is overruled; exception.[3]

At the close of the testimony the court, SCHUYLER, P. J., charged the jury as follows:

The allegation on the part of the plaintiff is, that these two defendants, Charles R. and James K. Rauch, made a joint con-

Charge of Court below.

tract for the purchase of this life-estate and this ground rent, for the consideration of $1,675, $1,500 of which was to be paid in cash, and for the remaining $175 a note was to be given.

The first question for you to consider, gentlemen, is, whether there was any such contract as this made at all, and, if so, whether the contract was a joint contract on the part of Charles R. Rauch and James K. Rauch. In order to constitute a joint contract, it is not necessary that both parties should have been present at the time the contract was made. If the contract was made at all, and it was made by Charles R. Rauch on behalf of James K. Rauch, and James K. Rauch had authorized him to make that contract in that way, it would have been a joint contract on the part of both. So, also, if Charles R. Rauch made the contract, if one was made, without any authority from James to make the contract, but James, with a full knowledge of all the facts, subsequently ratified the contract made in his name, then it would also be the joint contract of Charles R. and James K. Rauch. But before you can return a verdict against these defendants, the plaintiff must have satisfied you, by the weight of the evidence, that the contract was the joint contract of these two defendants ; for, if the evidence should satisfy you that there was a contract of this kind, but that it was made by Charles R. Rauch alone, then, no matter how conclusive that evidence might be, it would not entitle the plaintiff to a verdict at your hands.

You will consider first, gentlemen, whether there was any contract made at all. This will require you to consider what took place in New York on February 10th. It is admitted by both parties that on that day Charles W. Rauch and Charles R. Rauch went to New York, where Mr. Zoebisch is in business, and that they called on Mr. Zoebisch, and that there was a conversation between these three parties in reference to this life-estate. [The plaintiff alleges that that conversation amounted to a contract for the purchase of the life-estate, and ground rent. It is for you to say how that is. Were all the terms of the contract at that meeting fully and definitely agreed upon? Was the subject matter of the contract fully defined so that the parties understood exactly what they were contracting about ? Was the price at that conversation determined upon, and were the terms upon which the price was to be paid fully

Charge of Court below.

determined upon by the parties ? In other words, was every thing said and agreed upon at that meeting, on February 10th, that was necessary to have been agreed upon, to make this a full and complete contract on the part of the parties concerned in the conversation ?] [4]

If you should be satisfied that a contract was made by Charles R. Rauch, you will next inquire whether he, at the time he made the contract, represented himself to be authorized to act, so far as the contract is concerned, for his brother James K. Rauch. Did he, if he made a contract at all, make the contract in his own behalf alone, or did he make it on behalf of himself and of his brother James K. Rauch? As I have already said to you, if he made the contract on behalf of himself alone, there can be no recovery in this case. [If, however, you find that he undertook to contract, not only for himself but also for his brother, then you will inquire in the next place whether his brother James K. Rauch ratified what Charles had done in the premises, and when you reach that point in the case, if you reach it at all, it will be for you to say whether, subsequently, at the time when the plaintiff says that this ratification took place, James K. Rauch was fully informed of all that had been done in reference to the contract in the office of Mr. Zoebisch in New York on February 10th. Was he informed then that Charles R. Rauch had made a contract for the purchase of this life-estate, and of the ground rent, for the sum of $1,675, and that he was to pay $1,500 in cash, and to give a note for the remaining $175, and that this contract had been made by Charles R. Rauch not only on his own behalf, but also representing that he had authority to act for James K. Rauch at the time he made the contract. If you find all these facts to be as the plaintiff alleges them to be, then the plaintiff would be entitled to a verdict at your hands.] [5]

The jury returned a verdict for the defendants. Judgment having been entered thereon, the plaintiff took this appeal assigning for error :

1, 2. The refusal of the plaintiff's offers.[1] [2]

3. The admission of the defendants' offer.[3]

4, 5. The parts of the charge embraced in [ ] [4] [5]

Opinion of the Court.

*Mr. Robert L. Cope,* for the appellant.

Counsel cited, as to the admissibility of the evidence offered: Rawson v. Haigh, 2 Bing. 104; Hollinshead v. Allen, 17 Pa. 275. As to the fourth assignment: Williamson v. Berry, 8 How. 495; Huthmacher v. Harris, 38 Pa. 491; Mackaness v. Long, 85 Pa. 158; Bigley v. Risher, 63 Pa. 152; Ruthrauff v. Hagenbuch, 58 Pa. 103. Upon the fifth assignment: Garrett v. Gonter, 42 Pa. 143; Hall v. Vanness, 49 Pa. 457; Berger's App., 96 Pa. 443; Snyder v. Wilt, 15 Pa. 59.

*Mr. H. W. Scott* and *Mr. W. E. Doster,* for the appellees, were not heard.

The brief filed cited as to the admissibility of the evidence offered: Breneman v. Furniss, 90 Pa. 186; Rinesmith v. Railway Co., 90 Pa. 262; Albrecht v. Breder, 12 W. & C. 170.

PER CURIAM:

A careful examination of this record has failed to convict the court below of error. The evidence referred to in the first and second assignments was irrelevant, and properly rejected. Considerable stress was laid upon the admission of the letter of Charles R. Rauch, referred to in the third assignment. We regard this letter as relevant. One of the questions submitted to the jury was whether Charles R. Rauch had authority to contract for his brother James. This letter bore directly upon that question. It was not only relevant, but it was important; and we quite agree with appellant's counsel that it was calculated to have a damaging effect upon his case.

The fourth and fifth assignments allege error in the charge of the court. The learned judge fairly left the question of the completion of the contract to the jury. If the contract was not full and complete,—if something remained to be agreed upon, it could not be said to be a complete contract. And it was not error to say that there could have been no binding ratification of the contract by James K. Rauch, unless the latter had been fully informed of what his brother had done. Ratification presupposes knowledge of the act intended to be ratified. The criticism upon the word "informed" is a refinement. A man cannot have knowledge of what some one else has done, unless he is in some way informed of it.

Judgment affirmed.