# L. A. Landes *v.* The Safety Mutual Fire Insurance Company of Lebanon, Appellant.

*Insurance—Fire insurance—Agent.*

Where a person holds himself out as the agent of an insurance company, and the company ratifies his acts in placing a policy, the company cannot repudiate the policy because the person placing the insurance had no written authority to act for the company, as required by the terms of the policy.

*Insurance—Fire insurance—Agent—Misdescription—Warranty—Unimportant error in application—Question for jury.*

Unimportant errors made by an applicant for insurance in written answers to printed questions, if fairly attributable to the agent of the company, are not a defense to a suit upon the policy.

Where the agent of an insurance company examines a property and fills up an application which the applicant signs believing it is all right, the company cannot in case of loss defend upon the ground of misdescription of the buildings in the application. It is immaterial in such a case that a printed condition of the policy provided that the person procuring the insurance should be deemed to be the agent of the insured and not of the company, and that the description in the application should be deemed a warranty by the insured.

The fact that an applicant for insurance did not state that a portion of the building, in which the merchandise insured was stored, was of frame, is immaterial, where it appears that the merchandise was stored in the portion of the building which was of brick, and that the fire did not originate in or extend to the frame attachment.

Where there are misdescriptions as to the dimensions and material of a building in an application for insurance, and it is not apparent that such misdescriptions induced the company to enter into a contract more favorable to the insured than it otherwise would have done, or that they had a tendency to do so, the question whether the misrepresentations were of a fact material to the risk is for the jury.

Argued May 19, 1898.    Appeal, No. 127, Jan. T., 1898, by defendant, from judgment of C. P. Lancaster Co., June T., 1897, No. 54, on verdict for plaintiff.    Before STERRETT, C. J., MCCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Assumpsit upon a policy of fire insurance.    Before LIVINGSTON, P. J.

The property insured was a stock of merchandise contained in a building which was partly brick and partly frame.    A clause in the policy provided that "in any matter relating to this insurance no person unless duly authorized in writing shall be deemed the agent of this company."    Other facts appear by the opinion of the Supreme Court.

At the trial, Albert Garrett, president of the defendant company, was asked this question by defendant's counsel:

"Will you state whether at the time of the insurance of Mr. Landes in your company, John Haldeman was an agent of the company?"

Plaintiff objected for the reason that defendant issued the policy in which it set him forth as its agent and it is estopped from denying it.

The Court: Disallowed; defendant excepts, and bill sealed. [1]

J. T. Nitrauer, secretary of the company, was asked by defendant's counsel:

"What is the rate of premium for goods insured in a building which is half brick and half frame?"

Plaintiff objected.

The Court: You cannot show any other premium except that which you have in your policy.    Disallowed; defendant excepts, and bill sealed. [2]

Plaintiff having testified that his stock was worth $3.777, was asked by defendant's counsel:

"You make this $3,777?    Shortly before the fire, within a few months before the fire, did you offer this store for sale to any one?"

Plaintiff objected.

The Court: It is not cross-examination.

"Q. When Mr. Garrett came to see you in regard to the fire, did he ask you 'How can you make a statement of goods totally destroyed, when you have no cash account, no merchandise or sales account?'    Did he ask you that question?"

Plaintiff objected.

The Court: This is not cross-examination, any conversation he had with Mr. Garrett. Bill sealed for defendant. [3]

Joseph H. Cassell being called by defendant, defendant proposed to ask the witness whether at different times between September, 1896, and the date of the fire (January 12, 1897) Landes offered to sell out his store for $3,000 or $3,500, and whether shortly before the fire Landes said his stock was considerably reduced and that he had not put in any new goods up to the time of fire, to show that the amount of claim was far in excess of his own offer to sell.

Plaintiff objected, and the question was disallowed.

"Q. Did you see his stock and what was its condition?"

Plaintiff objected. Disallowed; defendant excepts.

"Q. Within two weeks before the fire did you see the stock in the store?"

Plaintiff objected. Disallowed; defendant excepts, and bill sealed. [4]

Defendant's points and the answers thereto among others were as follows:

2. The plaintiff in his application for insurance having answered "yes" to the question "Do you keep merchandise and sale accounts?" and in signing said application; making all the statements warranties on the part of the insured, if the jury believe from the evidence that "yes" was not a true answer then the verdict of the jury must be for the defendant. *Answer:* This we must leave to the jury, because you will remember he swears at that time he did keep accounts and quit it later. So that does not show he did not tell the truth at that time, and they can only require it of the time this application was made. [6]

3. The plaintiff's answer to the question, "Are the stoves, pipes, flues and chimneys well constructed, secure and sound?" being in the affirmative, the jury should be instructed to find from the evidence that the fire originated from the box, as constructed around the stove in the cellar, and the verdict must be for the defendant. *Answer:* We cannot give you any such instructions. It is not our duty to say where the fire originated. You will find from the evidence where it originated and whether it originated negligently or not. We shall refuse the point. [7]

4. If the jury believe that Landes, the plaintiff, was guilty of negligence in keeping a wooden inclosure around the stove or heater without tin or pipe crocks, he cannot recover. *Answer:* In that if the jury find he was negligent, and the fire took place from that, then he would not be entitled to recover. [8]

5. The policy of insurance, line forty-seven, sets forth as follows: "In any matter relating to this insurance no person, unless duly authorized in writing, shall be deemed the agent of this company." The evidence shows that Haldeman had no written authority to act as agent of defendant company, and hence no act of his is binding on said company. Verdict must be for the defendant. *Answer:* We must refuse that for the reason, that this company ratified his examination of this application, approved it, and issued the policy on that approval; and a subsequent ratification is equivalent to prior authority. The ratification, say our Supreme Court, of an unauthorized act (suppose it had been entirely unauthorized) of an agent has the same effect upon the rights of the parties as if it were done upon authority. So when the company adopted this application placed by him in their possession, and issued a policy on it, it was as good an authority to the party insured, as if he had written authority under seal. It made it its act. [9]

6. The indorsement on the policy in suit being an exact copy of the insured's application, made for the latter's protection (and not a warrant on the part of the company of any of the facts therein contained), is not an acknowledgment on the part of the company that John Haldeman was acting as its agent. *Answer:* We refuse to affirm that point, and say for the reason we have given you in answer to the others, its act in issuing the policy was binding upon it if he had no authority at the time he took the application. It approved it, ratified it. [10]

7. If the jury believe that plaintiff kept no merchandise or sale accounts, having answered "yes" to that question in his application, he cannot recover. *Answer:* That we have already answered by saying that he swore on the stand here that at the time he made the application he did keep books of the kind here mentioned. So we refuse to answer that point in the affirmative. [11]

9. If plaintiff, in his application, gave the description of the building as brick, 18 × 50, when the testimony uncontradicted

of H. C. Gemperling, the owner, is that the store property was partly brick, 18 × 28, and frame 18 × 22, with a frame scullery attachment 12 × 14, it was such a misrepresentation as will not entitle him to recover: 100 Pa. 347. *Answer:* That we answer in the negative. The evidence shows it was a brick building with a frame attachment, so stated by the witnesses. [12]

10. John Haldeman not being the agent of defendant company, as provided for in line forty-seven of the policy, his acts cannot be held to be binding on the company. *Answer:* That we refuse. We have already answered that. [13]

Verdict and judgment for plaintiff for $2,098.46. Defendant appealed.

*Errors assigned* were (1–4) rulings on evidence, quoting the bill of exceptions ; (6–13) above instructions, quoting them.

*J. E. Reinoehl* and *A. C. Reinoehl,* with them *G. W. Nitrauer,* for appellant.—An insurance agent whose powers are limited to receiving and forwarding applications, and delivering policies sent to him, on payment of the premiums, has no authority to waive the conditions of the policy: Pittsburg & Steubenville R. R. Co. v. Gazzam, 32 Pa. 340 ; Greene v. Lycoming Fire Ins. Co., 91 Pa. 387 ; Pottsville Mut. Fire Ins. Co. v. Fromm, 100 Pa. 347 ; Smith v. Ins. Co., 24 Pa. 320.

The defendant contends that the learned court ought to have permitted it to have shown that the rate of premium would have been higher had Landes correctly described the building in which his merchandise was stored: 1 Biddle on Ins. sec. 531 ; Commonwealth Mutual Fire Ins. Co. v. Huntzinger, 98 Pa. 41 ; Heron v. Phœnix Mutual Fire Ins. Co., 180 Pa. 257.

The answers of Landes were clearly misleading as to the character of the building: Eilenberger v. Protective Mutual Fire Ins. Co., 89 Pa. 465.

*W. U. Hensel,* of *Brown & Hensel,* for appellee.—Haldeman was the agent of the defendant : Mentz v. Lancaster Fire Ins. Co., 79 Pa. 477.

Alterations or changes that do not increase the risk will not vitiate the policy : Wood on Fire Ins. sec. 243 ; Williams v. People's Fire Ins. Co., 57 N. Y. 274; May on Ins. sec. 237.

Where the agent of an insurance company erroneously describes the property in an application for a policy of insurance prepared by him and signed by the insured, the company cannot, in case of loss, defend by reason of the misdescription: Susquehanna Mutual Fire Ins. Co. v. Cusick, 109 Pa. 157; Armenia Ins. Co. v. Paul, 91 Pa. 520; May on Ins. sec. 166; Stauffer v. Manheim Mut. Fire Ins. Co., 150 Pa. 531; Graybill v. Penn. Twp. Mut. Fire Ins. Co., 170 Pa. 75.

The authorities are manifold that a substantially correct description of the insured building is all that is required, especially when an agent of the company takes the risk and writes the application: Meadowcraft v. Standard Fire Ins. Co., 61 Pa. 91; Carr v. Hibernia Ins. Co., 2 Mo. App. Rep. 466; Naughter v. Ins. Co., 43 U. C. C. B. 121; Wilkins v. Germania Fire Ins. Co., 57 Iowa, 529; Medina v. Builders' Mut. Fire Ins. Co., 120 Mass. 225; Chase v. Hamilton Mut. Ins. Co., 22 Barb. 527; In re Universal Non-Tariff Fire Ins. Co., L. R. 19 Eq. Cases, 485.

OPINION BY MR. JUSTICE McCOLLUM, April 3, 1899:

The insurance was upon the plaintiff's stock of merchandise in a building occupied as a dwelling house and store. It was solicited by the representative of the defendant company which furnished the application for it and required him to sign his name to it as agent. He inspected the building and stock of merchandise contained in it. He also wrote into the application what purported to be the plaintiff's answers to the questions propounded therein. As agent of the company he witnessed the signature of the plaintiff to it and made the indorsement upon it. The application was approved by the company and a policy of insurance was issued thereon. All of the assessments made upon it were promptly paid by the plaintiff when called for. The policy was issued on the 8th of November, 1894, and the property covered by it was destroyed or damaged by fire on the 12th of January, 1897. The company denied its liability for any portion of the loss occasioned by the fire, and refused to make any payment to the plaintiff on account of it. The principal grounds of its refusal were, (*a*) that there was no written certificate evidencing the appointment of Haldeman as its agent, and (*b*) that there were inaccuracies in the answers to questions one, four, five and thirteen in the application.

It is conceded that Haldeman did not have a written certificate of his appointment as agent of the defendant company. But as we have already seen, he appeared to the applicants as its agent, and all his acts as such were ratified by it. Those acts cannot therefore be repudiated by it, nor can an unimportant error in his written answers to the printed questions addressed to the applicant relieve his principal from its liability to the assured for its share of the loss occasioned by the fire. It will be seen by referring to the indorsements on the application that the company required an examination by its agent of the risk solicited and an expression of his opinion in regard to the desirability of it. This requirement necessarily included an inspection of the building to determine its condition and how it was occupied, and an inspection of the stock of merchandise to ascertain the location, amount and value of it. It is not every slight inaccuracy or omission in the answers to the numerous questions propounded by the company which invalidates its contract of insurance. If either of them is fairly attributable to its agent it is not a defense to a suit upon its policy. Where the agent of an insurance company examines a property and fills up an application, which the applicant signs, believing it is all right, the company cannot in case of loss defend upon the ground of misdescription of the buildings in the application. It is immaterial in such case that a printed condition of the policy provided that the person procuring the insurance should be deemed to be the agent of the insured, and not of the company, and that the description in the application should be deemed a warranty by the insured: Susquehanna Mutual Fire Insurance Company v. Cusick, 109 Pa. 157. " A company cannot escape the consequences of the fraud or mistake of its agent, by inserting a stipulation in the policy that such agent shall be deemed the agent of the insured, who at the time of applying for the policy was ignorant of the insurer's intention to so stipulate:" Eilenberger v. Protective Mutual Fire Ins. Co., 89 Pa. 465. "The issuing of a policy of insurance when a portion of the questions in the application remain unanswered is a waiver of the answers to such questions:" The Armenia Ins. Co. v. Paul, 191 Pa. 520.

The principal material used in the construction of the building in which the stock of merchandise was stored was brick.

The fire did not originate in or extend to the frame attachment. As matter of fact therefore the insurer lost nothing by the failure to mention it in the answers. The answers to the questions relating to the dimensions and material of the building were not regarded by the court below as false and fraudulent, or as misrepresentations. It was not apparent that they induced the company to enter into a contract more favorable to the insured than it otherwise would have done or that they had a tendency to do so. It was therefore for the jury to determine upon the evidence whether the answers to the questions in the application were misrepresentations of a fact material to the risk, and they were so instructed by the court. This view of the answers accorded with the refusal of the company's ninth point, which was based upon Pottsville Mutual Fire Ins. Co. v. Fromm, 100 Pa. 347. It sufficiently appears in the opinion of this Court in the case cited that it is in no sense analogous to the case at bar, and furnishes no ground for an affirmance of the point above mentioned.

The answers to the defendant's second and seventh points were unobjectionable. The points related to the thirteenth question in the application and the reply to it. The question was : " Do you keep merchandise and sale accounts ? " and the answer was, " Yes." On the trial the plaintiff testified that he kept such accounts before and after the application but not at the time of the fire. The court held that it was for the jury to determine from the evidence whether the answer to the question was true. In this there was no error.

An affirmance of the defendant's third point would have constituted clear error, and it was properly refused.

The defendant has no cause to complain of the answer to its fourth point which was substantially in accord with the instruction solicited.

The court below declined to affirm the defendant's fifth, sixth and tenth points, which were intended to support and emphasize the contention that Haldeman was not the agent of the insurance company. They were to the effect that as he was not authorized in writing to represent the company in the transaction of any part of its business pertaining to insurance, he was not its agent, although his services in its interest were directed entirely to the advancement of its insurance business. We

need not further specify the services he rendered to the company or the instructions he received from it. These sufficiently appear in another part of this opinion. It is sufficient to say in this connection that in declining to affirm the points above stated the court below committed no error. We do not find in the rulings or instructions complained of sufficient ground for reversing the judgment.

Judgment affirmed.