## Carlisle & Finch Company *v.* Iron City Sand Company, Appellant.

*Principal and agent—Agent acting without authority—Sale.*

Where a person without authority previously delegated, purchases goods for another person, and the latter receives the goods from a carrier and receipts for the same, although in ignorance of the act of the assumed agency, he must either disaffirm the act of the agent and return the goods, or pay the seller the market value of the same.

Argued April 17, 1902.    Appeal, No. 87, April T., 1902, by defendant, from order of C. P. No. 1, Allegheny Co., Sept. T., 1901, No. 490, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Carlisle & Finch Company v. Iron City Sand Company.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Appeal from justice of the peace.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments to plaintiff's statement appear in the opinion of the Superior Court.

The affidavit of defense was as follows :

This defendant denies absolutely that it ever entered into a contract with the plaintiff company, either directly or indirectly

through Isaac Fry, or any one authorized to act for this defendant company. Upon the contrary defendant avers and expects to be able to prove in the trial of this cause, that this defendant entered into a contract with one, Isaac Fry, to furnish a complete electric plant for the towboat Winifrede, and that a portion of that contract was the placing of the headlight on the boat. That the entire contract price far exceeded the sum of $110, that amount simply being one item in the contract. That in the placing of said electric plant upon said towboat Winifrede, this defendant company did not know any one except Isaac Fry; and that Isaac Fry was in no sense the agent of this defendant, nor authorized to contract any indebtedness for it.

That this defendant company has paid to the said Isaac Fry the entire contract price for said complete electric plant, on said towboat Winifrede, including the price of the headlight, except a balance of about $20.00.

Defendant denies that it received the said headlight from the said plaintiff company, except that the said Isaac Fry employed said defendant company to do hauling for him, among other things to haul the said headlight from the railroad station to the boat, to be placed in position.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*H. L. Castle*, with him *Stone & Stone*, for appellant, cited: Jacoby v. Muller, 4 W. N. C. 478; Conrad v. Rodgers, 3 W. N. C. 157; Hunter v. Reilly, 36 Pa. 509.

*M. W. Acheson*, of *Patterson, Sterrett & Acheson*, for appellee, cited: Indiana Mfg. Co. v. Hayes, 155 Pa. 160.

OPINION BY W. D. PORTER, J., May 22, 1902:

The plaintiff's statement specifically averred that the steamboat headlight, to recover the value of which this action was brought, was the property of the plaintiff; that upon the order of one Isaac Fry, who assumed to act for and on behalf of the defendant, the headlight was delivered to a common carrier at

Cincinnati consigned to the defendant company, that the bill of lading was sent to and received by the defendant, that the defendant presented the bill of lading to the carrier at Pittsburg and received and receipted for the headlight, which has ever since remained in the possession of the defendant; that the property was of the market value of $110, which was the price at which it had been ordered on behalf of the defendant by Fry, and that the defendant refused to pay for the property or to return it or to permit the plaintiff to take it. The affidavit of defense did not deny any of these allegations, but averred that Fry had no authority to act as agent for the defendant, and that the furnishing of the headlight was part of the work to be performed under a contract between the defendant company and Fry for which the latter had been fully paid.

It thus appears that the plaintiff never agreed to sell or deliver the headlight to Fry, with whom they dealt as the agent of the defendant. The contract contemplated a sale and delivery to the defendant company. The goods were delivered to the common carrier consigned directly to the defendant, and had Fry been authorized to make the contract into which he entered, such delivery would have vested the title and possession in the defendant. The defendant received the goods from the carrier and receipted for the same, although this was done in ignorance of the fact that Fry had assumed to act as defendant's agent in the transaction, the delivery of possession thus became actual; no question arising out of a confusion of goods is involved in the controversy, the defendant has the property which is clearly identified. The plaintiff did no act which could invest Fry with title to or possession of the property. The only way in which the defendant could assert a right to retain the possession of the property as against the plaintiff was to adopt the act of Fry, who had without authority previously delegated acted as its agent; this would involve an acceptance of the contract and payment according to its terms. If the defendant disaffirmed the act of Fry, then it was required to surrender the fruits of the contract, and permit the plaintiff to resume possession of the property. When, under the undisputed facts, the defendant elected to retain possession of the headlight it became liable to the plaintiff for the market value of the same.

The judgment is affirmed.