## Campbell *v.* Latona Building and Loan Association, Appellant.

*Corporations—Officers—Authority of—Contracts—Ratification.*

In an action of assumpsit to recover a sum of money loaned, plaintiff based his right of recovery at the trial on the ground that the defendant association had received and retained the benefits ac-

cruing from a loan made to certain officers of the association. Neither the President, the Treasurer, nor the Board of Directors of the defendant association were shown to have had any knowledge, or to have been put on notice that the plaintiff had been asked to lend any money to the association, or that any of plaintiff's money was received by the association and deposited in its bank account. The evidence established that the money was received by the association under the representation that it had been lent by a third party pursuant to authority of the board of directors, and that the debt had been paid to him prior to notice of plaintiff's claim.

Under such circumstances judgment for the plaintiff will be reversed.

Contracts made by corporate officials without authority, which have not been formally confirmed and ratified, may, however, be effectual in equity and have controlling force, but only when with full knowledge of all material circumstances, the benefits are accepted and retained.

The knowledge of culpable officials acting ultra vires and wholly without authority is not notice to or knowledge of the corporation.

Argued October 7, 1927. Appeal No. 63, October T., 1927, by defendant from judgment of C. P., No. 3, Philadelphia County, March T., 1925, No. 984, in the case of Joseph Campbell v. Latona Building and Loan Association. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Assumpsit to recover a loan. Before FERGUSON, J.

The opinion of the Superior Court states the facts.

Verdict for the plaintiff in the sum of $1630.20 and judgment thereon. Defendant appealed.

*Error assigned* was the refusal of defendants motion for judgment non obstante veredicto.

*James J. Breen*, and with him *Francis I. Farley*, for appellant, cited: Wilkinson Mfg. Co. v. Welde, 196 Pa. 508; Strong v. Nesbitt, 267 Pa. 294; Shenango Limestone Co. v. Buffalo Ry. Co., 262 Pa. 446; Miller v. Belmont P. & Rubber Co., 268 Pa. 51; Copeland v. Tannery Co., 142 Pa. 446; Bangor & Portland Ry. Co.

v. American Bangor Slate Co., 203 Pa. 6; Worthington
v. Schuylkill Ry. Co., 195 Pa. 214.

*William A. Carr,* and with him *Abraham Friedman*
and *Sidney L. Krauss,* for appellee, cited: Carlisle
& Finch Co. v. Iron City Sand Co., 20 Pa. Superior
Ct. 378.

OPINION BY KELLER, J., March 2, 1928:

Plaintiff brought this action of assumpsit against
the Latona Building and Loan Association to recover
the sum of $1,430, which, it was alleged in the plain-
tiff's statement, the defendant "acting through its
duly authorized agents, Thomas Pilla, secretary, and
Michael A. Pessolano, conveyancer, acting in the
course of their employment, borrowed from the plain-
tiff ...... with the understanding and agreement that
the said sum would be repaid by the Latona Building
& Loan Association to the plaintiff upon demand."

There was no proof, nor attempt to prove, that the
secretary and conveyancer of the defendant building
and loan association had been specially authorized to
borrow any money from the plaintiff or any one else,
or that by virtue of such office or employment they had
any general authority to borrow money on behalf of
the defendant. These offices, if a "conveyancer" may
be so termed, are not such as contain in themselves
any inherent authority to borrow money and bind the
association to its payment. The ground of recovery,
without any amendment of the pleadings, was shifted
to the position that though the action of its officers
was unauthorized, the defendant was bound because
it had received and retained the benefits accruing
therefrom. The defendant called attention to the vari-
ance and asked for the entry of a non-suit and later
for binding instructions on that ground, both of which
were refused. In the case of Wilkinson Mfg. Co. v.
Welde, 196 Pa. 508, 511, 512, Mr. Justice BROWN,

(afterwards Chief Justice), speaking for the court, said with reference to our simplified pleading: "A defendant still has a right to know just what the cause of action is ...... Allegations and proofs must still correspond. The wise and reasonable requirement that a plaintiff must correctly and accurately set forth the material grounds of his complaint has, with us, withstood the reforming hand of the modern pleader, and the defendant yet knows that he need answer only what is charged against him." If it is a fatal variance to allege an *actual* eviction and prove a *constructive* one (Strong v. Nesbitt, 267 Pa. 294), or to allege a contract indefinite as to time and prove one terminable at any time by one of the parties (Shenango Limestone Co. v. Buffalo, Rochester & Pittsburgh Ry. Co., 262 Pa. 446), it may well be considered whether it is not a material variance to base one's claim against a corporation on pleadings which set up a borrowing on its behalf by the duly authorized officers of the company, and rely at the trial on an implied liability resulting from the receipt and retention of the money, though it was obtained without any authority at all. But we are not required definitely to decide this point for in our opinion the plaintiff has failed to prove the essential facts on which such an implied liability must rest.

The principle relied upon by the plaintiff and applied by the learned court below, that when a corporation receives and retains the benefits of the unauthorized acts of its officers it cannot deny the obligation, is subject to the qualification that in so acting the corporation must have full knowledge of the material circumstances; in other words to be bound it must know or be put on reasonable notice that the money so received and retained by it was the property of the person claiming to have lent it to the company. The principle was well expressed in the opinion of the

court below, adopted by the Supreme Court, in Bangor & Portland Ry. Co. v. American Bangor Slate Co., 203 Pa. 6, 9, 12, as follows: "Contracts made by corporate officers without authority, which have not been formally confirmed and ratified, may, however, be effectual in equity and have controlling force, if with full knowledge of all material circumstances (Zoebisch v. Rauch, 133 Pa. 532), the benefits are accepted and retained ...... The corporation, by its directors, as has been shown, knew nothing either of the unauthorized contract or that it was enjoying any advantages from its execution." It was accordingly held in that case that there was no ratification of the unauthorized contract. In Zoebisch v. Rauch, supra, it was held that ratification presupposes knowledge of the act to be ratified. In the present case, neither the president, the treasurer, nor the board of directors of the defendant association are shown to have had any knowledge or to have been put on notice (1) that its secretary and conveyancer, or either of them, had asked the plaintiff to lend any money to the association, or (2) that any of the plaintiff's money was received by the association and deposited in its bank account. The knowledge of the culpable officials, acting ultra vires and wholly without authority, is not notice to or knowledge of the corporation: Bangor & Portland Ry. Co. v. American Bangor Slate Co., supra, p. 11.

The verdict of the jury has settled, for the purposes of this case, that the check made payable to the order of the plaintiff for $1,430, was the money of the plaintiff, and not of Michael A. Pessolano; that it represented the plaintiff's share of the profits realized by him, Pessolano and another on the sale of certain real estate then being settled for: rather than the commissions, 10%, paid Pessolano by the purchaser for obtaining second mortgages from the building and loan

association of which he was the conveyancer. But that alone does not entitle the plaintiff to a verdict, as assumed by the learned trial judge. The check was not delivered to the treasurer of the defendant association, nor even deposited as such in its bank account. The plaintiff endorsed the check, and delivered it to Mosser, the assistant to the title officer of the Federal Trust Company, which did not represent the defendant for any purpose, but was attending to the settlement of the real estate transaction above referred to. Mosser exchanged it and several other checks which represented loans to the defendant association duly authorized by the board of directors for a treasurer's check of the Federal Trust Company for $9,787.10, and it was this check which was deposited to the credit of the defendant association in the Columbus Trust Company where it kept its bank account, and was received by it as representing the proceeds of loans to the association by Pessolano and his brother and Chiurco and Nocella, respectively, which had been duly authorized by the board of directors the preceding month; and notes were duly given them therefor. Michael Pessolano's note included the $1,430 claimed by the plaintiff, and was paid by the defendant association before it had any knowledge of the plaintiff's claim. It is clear that in these circumstances the money was not received by the defendant association with knowledge of the plaintiff's ownership or claim, but under the representation that it belonged to Pessolano. Having satisfied its debt to Pessolano before receiving any notice of the plaintiff's claim it cannot be held to have ratified the unauthorized act of its secretary and conveyancer, or to be estopped to deny its force and effect, since it had no knowledge of the circumstances attending the loan, did not know such a loan had been made by the plaintiff, and did not know at the time it received the money and before it

was repaid to Pessolano that the plaintiff had any claim to it. Had Pilla and Pessolano, with no more authority than they possessed from the association, borrowed the money from the plaintiff ostensibly on behalf of the defendant association and spent it for their own purposes, the plaintiff would have no possible claim on the defendant. That, instead, they lent it to the defendant as Pessolano's money, does not make it any the less a conversion by them or render the defendant liable for its payment to the plaintiff, when as here the responsible officers of the association had no knowledge of his claim to any ownership or interest in the money until after it had repaid the loan to Pessolano.

The case of Carlisle & Finch Co. v. Iron City Sand Co., 20 Pa. Superior Ct. 378, relied on by the appellee is distinguishable on its facts. There the headlight in suit was shipped and billed direct to the defendant and it was therefore put on notice that the plaintiff was dealing with it and not with Fry, the contractor.

The first and second assignments of error are sustained. The judgment is reversed and is now entered for the defendant.