Aetna Life Insurance Co. *v.* Nalibotsky et al.,
Appellants.

Argued December 14, 1928.

Before HENDERSON, TREXLER, KEILER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*David S. Malis,* for appellants.—The acts of an unauthorized person performed on behalf of a principal may be adopted by the latter so as to make it liable therefor: Kister v. Lebanon Mutual Ins. Co., 128 Pa. 553; Susquehanna Ins. Co. v. Perrine, 7 W. & S. 348; Landes v. Safety Mutual Fire Ins. Co., 190 Pa. 536; Waterson v. Rogers, 21 Kansas 531.

*Paul Reilly,* for appellee, cited: B. & O. Relief Assn. v. Post, 122 Pa. 579; Lipman v. Noblit, 194 Pa. 416; Wicks v. Dempsey, 86 Pa. Superior Ct. 275; Dodge v. Williams, 47 Pa. Superior Ct. 302.

OPINION BY KELLER, J., March 1, 1929:

The State has seen fit to place insurance contracts on a different footing from ordinary ones, and to impose certain regulations, limitations and restrictions upon them, which are not applicable to contracts in general: Act of May 17, 1921, P. L. 789, 810-818. For example, it supervises the form of the contract; provides that no one may transact business as the agent of an insurance company without first securing a license from the insurance commissioner, the application for which must be vouched for by the indorsement of the company; requires insurance companies to certify to the insurance commissioner the names of all agents appointed by them to solicit insurance in this Commonwealth; provides that no one may solicit life insurance business but such a duly authorized agent, —life insurance *brokers* are no longer allowed; forbids the giving of rebates or special advantages by the insurance company or its agents to an applicant for insurance or a policy holder etc. These regulations and inhibitions were enacted for the mutual benefit of insurer and assured, but occasionally their strict enforcement may work hardship to one not fully conversant with the law's requirements. This seems to be such a case.

The person who solicited Hyman Nalibotsky's insur-

ance, (Myron), may be assumed to have held himself out as an agent of the plaintiff insurance company; but he was not. The evidence is conclusive on this point. He had no license from the insurance commissioner; the company had not certified his name as its agent; and the statute forbids any one not so certified and licensed from acting as agent for a life insurance company. Even in ordinary contracts, agency cannot be proved by the declarations of the alleged agent: Central Penna. Tel. Co. v. Thompson, 112 Pa. 118. The plaintiff had no knowledge of Myron's having assumed to act on its behalf until after the insurance policies had been delivered and the check in suit for the premium had been received, and the insurance contracts had gone into effect. His name did not appear on the application and there was nothing that had happened prior to the completion of the insurance contracts which was reasonably calculated to inform the insurance company that Myron, or any unauthorized person, had anything to do with securing the insurance or had made any promises or agreements concerning it, or that any one had assumed to act for it but its agent, Chapin, whose name was on the insurance application, but who never came into contact with Nalibotsky. Hence the doctrine of estoppel and ratification relied on by appellants does not apply, for a ratification to be effective must be with knowledge of the material facts: Pittsburgh & Steubenville R. R. Co. v. Gazzam, 32 Pa. 340, 348; Zoebisch v. Rauch, 133 Pa. 532; Campbell v. Latona B. & L. Assn., 92 Pa. Superior Ct. 436. The Pennsylvania cases relied on by appellants (Kister v. Lebanon Mut. Ins. Co., 128 Pa. 553; Landes v. Safety Mut. Ins. Co., 190 Pa. 536), are distinguishable from this one, for as pointed out by the learned court below, in both of them the insurance company was charged with notice that the person dealing with the applicant for insurance had held himself out as its agent, for his name was so signed to the

460

application. But in addition, cases and text book authorities which take no account of our present statutes governing insurance can be given little weight; for a ratification cannot be inferred which nullifies a statutory prohibition making its violation a criminal offense: Walker v. Penna. Co., 263 Pa. 480; Henry Christian B. & L. Assn. v. Walton, 181 Pa. 201; Shisler v. Vandike, 92 Pa. 447.

It follows that if Myron could not legally represent the plaintiff company, he must in his dealings with the company's agent be conclusively presumed to have acted for the applicant, Nalibotsky, and his statement to the latter that the company would hold his check without depositing it until he was satisfied that his (Myron's) representations about the policies were true, and would return the check in case Nalibotsky refused the policies as not fulfilling his representations, cannot be held to be binding in any manner on the company which had no knowledge of his wrongfully assuming to act for it. The question is not as to the plaintiff's knowledge of the representations made to defendant when it brought suit on the check, but of its knowledge when it received the check and issued its policies, and thereby obligated itself to perform its contract of insurance: Brown v. Mt. Holly Nat. Bk., 288 Pa. 478, 491.

After the policies went into force the mere return of them by the assured to the company did not effect a cancellation or rescission. Under the provisions of the policies this could not be done without the consent of the beneficiary, who never joined in the attempted cancellation. Nothing was done by the beneficiary that would have estopped her from claiming under the policies had the assured died during the term. By the time the case came on for trial the policy premiums represented by the check had been fully earned, and any abatement in amount would have been in violation

of the law forbidding rebates or special advantages to policy holders.

There was nothing in the appellants' excluded offer of proof which tended to show any knowledge by the responsible officers of the insurance company that Myron had unlawfully assumed to represent it, or had made any representations or promises to the applicant for insurance in connection with the policies, prior to or at the time when, it issued its policies of insurance and received the check in suit for the premiums. If it had been received in evidence, without objection, it would not have affected the plaintiff's right to a verdict. Hence the learned court below committed no error in excluding the offer and directing a verdict for the plaintiff. The case must be considered and decided with due regard to the special enactments of the legislature governing life insurance contracts.

The assignments of error are overruled and the judgment is affirmed.