SOPER *vs.* THE BUFFALO AND ROCHESTER RAIL ROAD
COMPANY.

The defendants advertised that they would receive proposals until a specified day,
for clearing, grubbing, grading and fencing the line of direct rail road between
Batavia and Buffalo. The plaintiff and H. submitted proposals for doing the
work, and entering into a written contract. On a subsequent day the directors
of the defendants had a meeting, at which, for want of time to examine the
various proposals which had been made, a resolution was passed, that such
proposals be referred to the executive committee and superintendent, to close a
contract with such of the persons making the proposals, and upon such terms,
as they should consider most advantageous to the interests of the company. It
did not appear that the committee ever met or acted upon the matter thus re-
ferred to them. *Held* that these facts were not sufficient to prove that the
plaintiff's proposition was accepted, or that a contract was entered into between
the parties for the doing of the work; and that the declarations of individual
directors of the defendants, made immediately after the close of the meeting at
which the propositions were submitted, to the effect that the proposals of the
plaintiff and H. were accepted, were not competent evidence to establish that
fact.

The declarations, or acts, of a director in a corporation, will not bind, or in any
manner affect, the corporation, unless they are within the scope of his ordinary
powers, or some special agency relative to the subject matter.

MOTION for a new trial, on exceptions taken at the circuit.
The plaintiff by his complaint claimed that the defendant
on or about the first of April, 1851, entered into a contract with
the plaintiff and Samuel C. Holden, by which the defendants
employed the plaintiff and Holden to construct the defendants'
rail road from Batavia to Buffalo, (except furnishing ties, lay-
ing down of the rails and fencing,) and that the defendants agreed
to pay for the same, a certain price, which was specified in the
complaint. The plaintiff averred a readiness to perform the
contract on the part of himself and Holden, and a refusal to
allow them to perform the contract, on the part of the defend-
ants. The interest of Holden had been assigned to the plain-
tiff, and the latter sought to recover damages for the non-per-
formance of the contract by the defendants. On the trial of
the cause, the plaintiff proved that the defendants, in December,
1850, published a notice signed by the secretary of the com-
pany, inviting proposals for clearing, grubbing and fencing the

direct rail road between Batavia and Buffalo. That on the 15th of February, 1851, the plaintiff and Holden submitted to the directors a written proposal for doing the work described in the notice. This proposal was set out at length in the complaint. The concluding paragraph was as follows: "The undersigned propose to the Buffalo and Rochester Rail Road Company, to do all the work on the sections above specified, to which prices are affixed, and will enter into a written contract with the company to perform the work according to the directions of the engineer of said company." The plaintiff attempted to prove an acceptance of this proposition by the defendant, and for that purpose gave in evidence, under objection, the declarations of some of the directors of the company, as to the action taken on the subject by the board of directors, at a meeting of the board, held in Buffalo, on the 21st of February, 1851; but the defendants introduced the secretary's book of minutes of that meeting, from which it appeared that the proposition was not accepted, but that it, with other propositions, was referred to the executive committee, with authority to close a contract with such of the parties proposing, and upon such terms, as the committee should deem most advantageous to the company. There was no evidence that the executive committee took any action upon the subject. The defendant moved for a nonsuit, which was granted; and the plaintiff excepted.

*J. H. Martindale*, for the plaintiff.

*S. Mathews*, for the defendants.

*By the Court*, T. R. STRONG, J. The defendants advertised that they would receive proposals until a specified day, for " clearing, grubbing, grading and fencing, the line of direct rail road between Batavia and Buffalo." The plaintiff, and one Holden, who has assigned his right in the subject of the action to the plaintiff, employed a person to explore the line of the road, who did so, and examined the maps, plans, profiles, and esti-

mates of the defendants, and stated the result of his examination to his employers, and they, on the day named in the advertisement, submitted to the defendants proposals for doing the work, and entering into a written contract to perform the same. On a subsequent day, the directors of the defendants had a meeting at Buffalo, when, for want of time to examine the proposals which had been made in pursuance of the advertisement, a resolution was passed, that "such proposals be referred to the executive committee and superintendent, to close a contract with such of the persons making the proposals, and upon such terms, as they shall consider most advantageous to the interests of the company." This resolution was proved by the plaintiff, who introduced in evidence and read from a book of the defendants, the entries of the proceedings of that meeting. Within a short period after the meeting the plaintiff and Holden went to the office of the defendants at Buffalo to close a contract, but without success; the superintendent making excuses that certain persons were absent. It was not proved that the executive committee and superintendent ever met or acted upon the subject of the proposals. These facts fall entirely short of sustaining the position that a contract was entered into between the defendants and the plaintiff and Holden, for the doing of the work. The proposition of the latter was not accepted; the directors did not act upon it, except by referring it to a committee, and this committee did nothing in relation to it.

Evidence was given on the part of the plaintiffs, under objection, of the declarations of individual directors, immediately upon their adjournment at the meeting referred to, that the proposals of the plaintiff and Holden were accepted, in part; but as it does not appear that those directors were clothed with any authority in the matter, their declarations cannot affect the defendants. The declarations or acts of a director, will not bind, or affect in any manner, the corporation, unless they are within the scope of his ordinary powers, or some special agency. The witnesses do not testify that all the directors were together and heard what was stated, and that no dissent was expressed. But if the tes-

timony went to that extent, the books would outweigh and over-come the force of oral declarations of what was done by the directors at the meeting.

In my opinion there was a total failure to establish a cause of action; and the nonsuit was right.

Motion for a new trial denied.

[MONROE GENERAL TERM, March 5, 1855. *Johnson, Welles* and *T. R. Strong,* Justices.]