# Moshannon Land and Lumber Company *versus* Sloan et al.

1. It will not be presumed that the secretary of a corporation, who has authority to renew notes, has the right to release one of the makers of the notes from liability thereon, when no such authority is given him by the charter or by-laws and no express authority from the corporation is proven.

2. Where notes have been given in renewal of a previous indebtedness, for which the makers were admittedly liable, there is no consideration for a release of one of the makers by the secretary of a corporation holding the notes; hence the corporation is not within the rule that forbids a principal from enforcing a security, obtained by the unauthorized act of his agent, and at the same time disavow the act of the agent.

March 27th, 1885.  Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY and STERRETT, JJ.  GREEN and CLARK, JJ., absent.

ERROR to the Court of Common Pleas No. 3, of *Philadelphia county :*  Of July Term 1884, No. 133.

Assumpsit, by the Moshannon Land and Lumber Company, against Samuel Sloan, Charles Balderston and Isaiah V. Young, late trading as Sloan, Balderston & Young, upon three promissory notes, signed by the above firm, one for $347.85 at three months, dated March 25th, 1878 ; one for $351.78 at five

months, dated March 15th, 1878 and the third for $354.77 at seven months, dated March 15th, 1878.   The sheriff returned "nihil habet" as to Young, and judgment by default was obtained against Sloan.

On the trial, as to defendant Balderston, before LUDLOW, P. J., plaintiff put the notes in evidence and rested.   For the defence, Balderston testified substantially as follows:   That the notes in suit were given in renewal of a note for $1000, drawn by Young and Balderston, to the order of Sloan, for the purchase of his office and good will as an architect, that the understanding was that this note was to be renewed until it could be paid out of the profits of the business.   The business proved a failure, and Sloan subsequently joined the firm and promised to return the note ; that sometime after this Balderston discovered that Sloan had transferred the note to the Moshannon Land and Lumber Co., for lumber purchased and borrowed money ; that he went to see J. T. Shillingford, Jr., the secretary of said company.   Their conversation he described as follows:   "I laid before him the full nature of the transaction between Mr. Sloan and myself, and I told him that I would refuse to sign any new notes, except upon condition that I should not be held liable in any way for payment.   He told me that I would not be expected to pay the note; with this understanding I signed them."   Shillingford was called in rebuttal and flatly contradicted this, and the by-laws of the company were offered in evidence to show that Shillingford had no power to make such an agreement with Balderston.

The court charged the jury, inter alia, as follows: "Now, for the purpose of saving trouble hereafter, rather than because it is entirely in accordance with my view of the law to do it, but to bring the case to an issue, I will charge for that purpose only,—you will so understand it—that the secretary and treasurer of Sloan & Company," (meaning the plaintiffs, the Moshannon Land and Lumber Co.,) "had, as the authorized agent of the company, a right to make the agreement." That is, the agreement "to release Mr. Balderston from all liability on these notes when they fell due."   "I cannot say that that is important, however, but for the purpose of this case, I so charge you, because in the event of your finding for the plaintiff, the case will end.   Therefore I charge you that he had the right to do it.   Why?   Because that leaves you a simple question to decide; to wit:   Which of these two witnesses speaks the truth."

Verdict for defendant and judgment thereon. Plaintiff took this writ of error, assigning for error, inter alia, the portion of the charge above quoted.

*John Bethell Uhle*, for plaintiff in error.

*John Walker Shortlidge*, for defendant in error.

Mr. Justice PAXSON delivered the opinion of the court, October 5th, 1885.

The ruling of the learned judge of the court below as contained in the first assignment of error was evidently made with some hesitation, and with a view to end the case in the event of the jury finding a verdict for the plaintiff. The verdict however was for the defendant. Under such circumstances it would have been entirely proper for the plaintiffs to have moved for a new trial. This has not been done and we must dispose of the case as we find it.

A careful examination of the testimony fails to disclose any authority in the secretary and treasurer of the plaintiff to make the alleged agreement releasing the defendant Balderston from liability on the note. Such authority is not found in the charter or by-laws; it was not given by any action of the corporation, and it cannot be implied from its course of business. That the secretary had authority to renew the note may be conceded. This, however, did not imply or involve the right to release a debtor of the corporation from a previous liability. Such power must be expressly given or it must be implied from a course of dealing known to and sanctioned by the corporation. Nor does the case come within the line of authorities which hold that where a note or other security is obtained by an agent by representations unauthorized by his principal, the latter cannot retain the benefits and at the same time disavow the act of his agent. The company plaintiffs obtained nothing from Balderston to which they were not entitled. Balderston was admittedly liable on the note of which the notes in suit were a renewal. His position therefore, has not been changed. He gave no consideration for the alleged release, and the secretary had no authority to agree to it.

The remaining assignments do not require discussion.

Judgment reversed and a venire facias de novo awarded.