## W. H. COPELAND v. STONEHAM TANNERY CO.

142  446
29 SC  630

### APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF WARREN COUNTY.

Argued May 6, 1891—Decided May 18, 1891.

In a suit brought against a corporation to recover a stipulated compensation for procuring a purchaser of the real estate of the defendant, in the absence of evidence that the employment of the plaintiff was previously authorized, or that it was subsequently ratified by the corporation, the plaintiff was not entitled to recover.*

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 449 January Term 1891, Sup. Ct.; court below, No. 20 December Term 1889, C. P.

---

* Cf. Tift v. National Bank, 141 Pa. 550.

On September 27, 1889, William H. Copeland, for use of R. P. King, brought assumpsit against the Stoneham Tannery Company, to recover the sum of $2,500, as a commission agreed to be paid by the defendant corporation, for the plaintiff's services in procuring a purchaser of certain lands of the defendant.

At the trial on April 12, 1890, a paper was filed by the parties as follows:

"It is agreed by the counsel, that the following question shall be submitted to the jury:

"Was there a contract between Willard White and Mr. Copeland, at the time Mr. Copeland undertook to find a purchaser for the land mentioned, that the compensation to be paid Copeland for finding a purchaser was dependent upon White's ability to realize the purchase price of the stock of goods of Beecher & Copeland? If so, then the verdict for the defendant; if not, verdict for the plaintiff for $2,500, with interest from October 28, 1887, subject to the opinion of the court as to the right of the plaintiff to recover; all of the other facts being agreed to be the following:

"That the plaintiff was the efficient cause of finding a satisfactory purchaser for the land; that Willard White was president of the Stoneham Tannery Company, the defendant, and the Stoneham Tannery Company was the owner of the land at the time of the negotiation and consummation of the sale; that, at the time of the organization of the defendant company, on May 31, 1886, Willard White was the owner of 992 of the one thousand shares of the capital stock of the defendant company; that the Stoneham Tannery Company, defendant, executed and delivered to J. D. Potts, two deeds dated respectively, the seventeenth of September, 1887, and the twenty-eighth of October, 1887, which are marked exhibits A and B, and are to be taken as part of this agreement; that the reservation of the oil and mineral was sold to Potts by Willard White; that, at the time of making the contract with Copeland, and the contract in writing with J. D. Potts, neither Mr. White nor Mr. Copeland knew that the Stoneham Tannery Company had any interest in the land; that Mr. White believed himself to be the owner, and acted entirely in his own name; that the sale to Potts was by a written article of agreement, which is

hereto attached, marked exhibit C, and shall be taken to be part of this agreement; that the deeds from the Stoneham Tannery Company to J. D. Potts, marked exhibits A and B, were executed by the president and secretary, in pursuance of resolutions authorizing it to be done, passed at meetings held at Stoneham, as recited in them; that none of the persons present at the meeting knew of the arrangement between Mr. White and Mr. Copeland, or of the agency of Copeland in making the sale, but H. E. Norris, the secretary of the company, attended the meeting as the proxy of Willard White."

The jury returned a verdict in favor of the plaintiff for $2,500, with interest from October 28, 1887, subject to the opinion of the court as to the right of the plaintiff to recover.

A motion for judgment for the plaintiff on the question of law reserved having been argued, the court, BROWN, P. J., on July 28, 1890, filed an opinion in part as follows:

In passing on the right of the plaintiff to have judgment on the verdict, we think we must be governed by the same rules that would control, had the agreed facts been specially found by the jury. The facts agreed upon are incorporated with the verdict rendered, subject to the opinion of the court whether judgment should be entered in favor of the plaintiff. The verdict cannot be aided by inference, implication or intendment of fact. The specific facts presented are those on which the court must pronounce judgment, and what is neither found nor agreed to is presumed not to exist: Tuigg v. Treacy, 104 Pa. 493.

Applying this rule, we cannot infer, if the fact be considered of any consequence, that White, at the time the defendant made the deeds to Potts in the fall of 1887, continued to be the owner of the stock held by him at the time of the organization of the company in May, 1886. Neither can we infer that White was the owner of any stock when this suit was brought; and, from the fact that H. E. Norris, the secretary of the company, was present as the proxy of White, at the meeting when the resolutions authorizing the deeds to Potts to be executed were passed, we cannot infer or presume notice to defendant of the agreement for compensation made by White with the plaintiff, and especially when the parties have ex-

Arguments.

pressly agreed that none of the persons present at the meeting knew of the arrangement between White and the plaintiff.

The case seems to be this: Willard White believed himself the owner of the lands included in the deeds A and B, and, desiring the sale of them, he employed the plaintiff, Copeland, to procure a purchaser, agreeing to pay him the sum claimed in this suit. Copeland secured such a purchaser in the person of J. D. Potts, and thus, as between him and White, became entitled to the agreed compensation. It transpired that White was not, but the corporation defendant was, the owner of the lands, which company, without any knowledge of the agreement between White and Copeland, or of Mr. Copeland's agency in procuring a purchaser, executed the deeds to Potts, pursuant to the contract White had made and was enabled to make by means of the procurement of Copeland.

Under such circumstances, was the making of the deeds to Potts, by the defendant corporation, such a ratification or adoption of White's agreement with Copeland as subjects the defendant to the payment of the compensation that White had agreed to pay Copeland? We are reluctantly brought to the conclusion that the law compels us to answer that question in the negative.

And now, July 28, 1890, the motion for judgment on the verdict is discharged, and judgment is entered in favor of the defendant, non obstante veredicto.

—Thereupon, the plaintiff took this appeal, specifying that the court erred: In directing judgment for the defendant non obstante veredicto, and in not directing judgment to be entered for the plaintiff on the verdict.

*Mr. Samuel T. Neill* (with him *Mr. James O. Parmlee* and *Mr. J. A. Schofield*), for the appellant.

Counsel cited: Mechem on Agency, § 179; Mundorff v. Wickersham, 63 Pa. 87; Wharton on Agency, § 72; Peck v. Harriott, 6 S. & R. 145; Morawetz on Corp., § 252; Allegheny v. McClurkan, 14 Pa. 83; Montgomery Plankroad Co. v. Webb, 27 Ala. 618; Montgomery Web Co. v. Dienelt, 133 Pa. 585.

*Mr. W. E. Rice* (with him *Mr. Charles Dinsmoor, Mr. James*

*Cable, Mr. Charles A. Peterson* and *Mr. W. D. Hinckley*), for the appellee.

Counsel cited: Tuigg v. Treacy, 104 Pa. 493; Twelfth St. Market Co. v. Jackson, 102 Pa. 269.

PER CURIAM:

We are of opinion that judgment for the defendant non obstante veredicto was properly entered. The contract between the plaintiff and Willard White for a commission on the sale of the real estate was the individual contract of White, who at the time regarded himself as the owner of the property. It was not made on behalf of the defendant company, and was unknown to any of the stockholders until after the delivery of the deeds. The company could not ratify an act of which it had no knowledge. It appears from the agreement of facts, upon which the reserved point was based, that the deeds to Mr. Potts " were executed by the president and secretary, in pursuance of resolutions authorizing it to be done, passed at meetings held at Stoneham, as recited in them; that none of the persons present at the meeting knew of the arrangement between Mr. White and Mr. Copeland, or of the agency of Copeland in making the sale, but H. E. Norris, the secretary of the company, attended the meeting as the proxy of Willard White." The case was argued as upon facts outside of those agreed upon, and upon which the judgment non obstante was based. This is a privilege which counsel sometimes take, but it is one in which we are not allowed to indulge.

Judgment affirmed.