# Sword *v.* Reformed Congregation Keneseth Israel, Appellant.

*Contract—Ratification—Corporation—President.*

Ratification of a contract implies knowledge of the material facts, and to be effective must be made by persons having the power to perform the act which is the subject of ratification.   In the absence of evidence that the facts were communicated to the party, or that he had knowledge of them and assented to the acts alleged to have been done for him, the question of ratification should not be submitted to the jury.

Ratification may be shown by proof of facts from which it may be lawfully presumed, but the facts must be such as are inconsistent with another hypothesis than that the person whose ratification is sought to be established approved and intended to adopt what had been done in his name. The question ought not to be submitted for the determination of the jury upon evidence which does not logically lead to the conclusion sought to be established.

In an action against a religious corporation to recover the price of a portrait alleged to have been sold to the president of the corporation, it appeared that the president had no authority under the constitution and by-laws to purchase such a picture. The evidence showed that after the portrait was painted, it was hung for exhibition in the synagogue of the defendant. It was taken away for a time but subsequently returned. The portrait was hung in the synagogue for the accommodation of the plaintiff, and it was not until about a year after it had been placed there that the alleged sale was made. Soon after the alleged sale the president died. Plaintiff testified that he had had a conversation with the succeeding president with reference to the portrait, in which the latter said that he knew all about the arrangements that had been made, and that he knew that the portrait was hanging in the synagogue. *Held,* that the evidence was insufficient to submit to the jury, to determine whether there had been any ratification of a contract for the purchase of the portrait.

Argued Oct. 10, 1905. Appeal, No. 142, Oct. T., 1905, by defendant, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1901, No. 2537, on verdict for plaintiff in case of James B. Sword v. Reformed Congregation Keneseth Israel. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit to recover the price of a painting. Before RALSTON, J.

The facts are stated in the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $502.25. Defendant appealed.

*Error assigned* among others was (5) refusal of binding instructions.

*Harry E. Kohn,* for appellant.—A ratification to be efficacious, must be made by a party who had power to do the act in the first place : Market Co. v. Jackson, 102 Pa. 269 ; Zoebisch v. Rauch, 133 Pa. 532 ; Moore v. Patterson, 28 Pa. 505 ; Copeland v. Tannery Co., 142 Pa. 446 ; Wheeler v. Sleigh Co., 39 Fed. Repr. 347 ; Hood v. Hood, 2 Grant, 229.

The case of Allegheny County Workhouse v. Moore, 95 Pa. 408, not only governs the case at bar, but goes lengths further than this court is now asked to go. To the same effect are the following cases, and many others which it would be super-

fluous to cite: Railway Co. v. Christian, 124 Pa. 114; Giberson v. Mills Co., 174 Pa. 369; Stoystown, etc., Turnpike Road Co. v. Craver, 45 Pa. 386; Railroad Co. v. Books, 57 Pa. 339; Railroad Co. v. Plank Road Co., 71 Pa. 350; Bank v. McKee, 2 Pa. 318; Investment Co. v. Eldridge, 175 Pa. 287; Weldon v. Traction Co., 27 Pa. Superior Ct. 257.

*H. K. Fries,* for appellee.—Appellant contends that there must be actual knowledge of the agent's act shown in order to render ratification efficacious.

It is submitted that in this case knowledge was brought home to the defendant corporation.

First, by the delivery of the portrait, which fact spoke for itself, and of which the corporation and its officers could not have been ignorant; and, in fact, they testified that it was there. Second, notice of the sale was explicitly given to the succeeding president: Steamboat Co. v. McCutcheon, 13 Pa. 13; Com. v. R. R. Co., 2 Phila. 250; Dallas v. Columbia Iron & Steel Co., 158 Pa. 444; Goldbeck v. Bank, 147 Pa. 267; Wagner v. Peterson, 83 Pa. 238; Bergner v. Thompson, 74 Pa. 168; Watson v. Lukins, 126 Pa. 630; Ritchie Co. v. Albion Mfg. Co., 173 Pa. 447; Imbrie v. Ins. Co., 178 Pa. 6; Danville Bridge Co. v. Pomroy, 15 Pa. 151; Harrisburg Bank v. Tyler, 3 W. & S. 373; Millward-Cliff Cracker Co.'s Est., 161 Pa. 157; First Nat. Bank v. Peisert, 2 Penny. 277; Oil Creek, etc., R. R. Co. v. Pa. Trans. Co., 83 Pa. 160; Boyd v. American Carbon Black Co., 182 Pa. 206; Manhattan Hardware Co. v. Phalen, 128 Pa. 110; Market Co. v. Jackson, 102 Pa. 269; Zoebisch v. Rauch, 133 Pa. 532; Moore v. Patterson, 28 Pa. 505; Supervisors v. Schenck, 72 U. S. 772; Wheeler v. Sleigh Co., 30 Fed. Repr. 347.

OPINION BY HENDERSON, J., December 11, 1905:

The defendant is a religious corporation. The plaintiff's claim is for a portrait alleged to have been bought by its president. The constitution and by-laws of the corporation provide that " the Board of Trustees shall have the entire charge, management and control of the Congregation's affairs and property. . . . They shall have power to make all necessary repairs and purchases provided the cost of the same do not, in any one

case, exceed $250." The president is empowered to preside at all meetings of the congregation and of the board of trustees; to sign all orders drawn on the treasurer duly authorized by the board; to have charge of all title deeds, books, papers, etc., not intrusted to other officers; to appoint all committees not otherwise constituted; to be, ex officio, a member of such committees, but without the right to vote; he is prohibited from voting at meetings of the congregation or the board of trustees except at elections for officers or in a case of a tie at meetings where he is presiding. The court instructed the jury that the president of a religious corporation has no authority to bind the corporation except for the usual purposes of the church; that the purchase of portraits was not within the scope of his authority; and that if the president made the contract without any authority of the board of trustees, and they never knew he made it and never ratified it and never accepted it, the plaintiff would not be entitled to recover. No authority in the president to bind the corporation was shown and the case was submitted to the jury on the question of ratification.

The defendant's second point (fifth assignment) requested the court to give binding instructions for the defendant under all the evidence. The question for our consideration under this assignment is whether there is any evidence of ratification. The plaintiff alleged that the portrait was sold in January, 1898, to Mr. Lewin, then president of the defendant corporation. Mr. Lewin died soon after and Mr. Mertz was elected president. The facts relied on to establish a ratification of Mr. Lewin's act are that after Mr. Mertz became president, the plaintiff had a conversation with him with reference to the purchase of the portrait and payment therefor in which Mr. Mertz said that he knew all about the arrangements that were made, and the further fact that the portrait was hung in a reception room in the synagogue of the defendant. It appeared from the evidence that after the portrait was painted it was hung there for exhibition from the spring of 1896 until the spring of 1897, or about that time, by the artist and owner and for his accommodation. It was afterwards taken to Nashville, Tennessee, to be exhibited, and returned to the plaintiff who again hung it in the same place in the synagogue where it had theretofore been. The return of the portrait to the synagogue,

as claimed by the plaintiff, was in pursuance of the contract with Mr. Lewin. The only competent evidence of ratification seems to have been the presence of the portrait in the synagogue after its return from Tennessee. In view of the admitted fact, however, that it had been in the same place for about a year not long before the time of the alleged sale, without any contract or agreement for its purchase and without any obligation on the part of the defendant with reference thereto, we are unable to see how knowledge of a contract of purchase can be imputed to the congregation from the mere fact of the presence of the portrait. Ratification implies knowledge of the material facts, and to be effective must be made by persons having the power to perform the act which is the subject of ratification. In the absence of evidence that the facts were communicated to the party, or that he had knowledge of them and assented to the acts alleged to have been done for him, the question of ratification should not be submitted to the jury: Market Company v. Jackson, 102 Pa. 269; Moore v. Patterson, 28 Pa. 505; Copeland v. Tannery Co., 142 Pa. 446; Zoebisch v. Rauch, 133 Pa. 532; Western National Bank v. Armstrong, 152 U. S. 346 (14 Sup. Ct. Repr. 572). Ratification, it is true, may be shown by proof of facts from which it may be lawfully presumed, but the facts must be such as are inconsistent with another hypothesis than that the person whose ratification is sought to be established approved and intended to adopt what had been done in his name : Supervisors v. Schenck, 72 U. S. 772. The question ought not to be submitted for the determination of a jury upon evidence which does not logically lead to the conclusion sought to be established. Having in mind the fact that the portrait was kept by the owner for a long time in the same place in which it was hung after the alleged sale, it is apparent that no inference from the presence of the portrait prejudicial to the defendant could arise after the sale which was not applicable when the portrait was there for the accommodation of the owner. That the portrait was taken away for a time and then returned is not a fact from which alone ratification should be inferred.

The evidence of Mr. Mertz does not strengthen the plaintiff's case. The powers of the president of the defendant corporation are restricted, as shown by the by-laws, and admissions

made by him not in the discharge of his official duties are not competent to bind the corporation. The board of directors is invested with authority to manage the financial affairs of the corporation, to enter into contracts and to bind it to the extent authorized by the by-laws. No assertion of knowledge by the succeeding president can be given an effect prejudicial to the rights of the defendant. Corporate rights are not to be frittered away by loose and unauthorized declarations made by persons who at the time had no authority to bind the corporation : Allegheny County Workhouse v. Moore, 95 Pa. 408; Investment Co. v. Eldridge, 175 Pa. 287.

After a careful examination, we are of opinion that the plaintiff has not presented evidence from which the jury is warranted in finding a ratification of the alleged contract of the president of the defendant corporation. The fifth assignment is sustained and the judgment reversed.