## Republic Bank Note Company v. Northwestern Pennsylvania Railroad Co., Appellant.

*Corporations—Railway Companies—Reorganization—Filing certificate — Act of April 8, 1861, P. L. 259—Contract for new stock certificates and bonds—Ratification—Directors.*

Where a bondholder's committee of an insolvent railway company forecloses a mortgage of the company, and enters into an agreement with the purchaser of the property to furnish the stock certificates and bonds for a new company to be organized free from debt, by the committee, to which the property is to be transferred, and without formal authority of the board of directors, and before the property is transferred to it, the committee, through its attorney, contracts with an engraver for the bonds and stocks of the new company, and the same are subsequently delivered to the attorney of the new company, and used by it without knowledge in the manner in which they were ordered, the new company will not be liable to the engraver for the cost thereof, although the members of the committee were also directors of the new company.

In such a case a mere discussion by the directors of the matter of securing the certificates and bonds, before the property was transferred, will not bind the company without formal action of the directors in giving the order, or in subsequently ratifying it. No ratification can be presumed from such a state of facts.

Argued April 11, 1916. Appeal, No. 64, April T., 1916, by defendant, from judgment of C. P. Crawford Co., Feb. T., 1912, No. 119, on verdict for plaintiff in case of Republic Bank Note Company v. Northwestern Pennsylvania Railroad Company. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit for engraved certificates of stock and bonds, sold and delivered. Before PRATHER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $758.85. Defendant appealed.

*Error assigned,* among others, was in refusing judgment for defendant n. o. v.

*Frank J. Thomas,* with him *C. K. Fauver,* for appellant, cited: Farquhar v. Brown, 132 Mass. 340; Mundorff v. School Directors, 4 Pennypacker 103; Peers v. Board of Education, 72 Ill. 508; Campbell v. Day, 90 Ill. 263; United States v. Driscoll, 96 U. S. 421.

*A. Leo Weil,* of *Weil & Thorp,* with him *George F. Davenport,* for appellee, cited: Commonwealth v. Central Passenger Ry. Co., 52 Pa. 506; Commonwealth v. Mann Co., 150 Pa. 64; P. S. & N. R. R. Co. v. K. & S. R. R. Co., 233 Pa. 71.

OPINION BY KEPHART, J., July 18, 1916:

This is an action for furnishing lithographed certificates of stocks and bonds to the defendant. The agreement between the bondholders committee and Gaston, the purchaser, required this committee to furnish permanent certificates of stocks and bonds, and the testimony of the members of the committee indicate that they so regarded it. Temporary certificates were used in transferring the new company to the purchaser, but this would not relieve the committee from furnishing certificates of a negotiable character required by the agreement, and the correspondence indicates that these certificates were to be followed by permanent ones. The kind was not in dispute, as the certificates in controversy were satisfactory. The agreement covered the submission of their form and kind to the purchaser and anything that transpired between the attorneys and the purchaser would not fix liability on the defendant, or relieve the committee from completing their contract.

The committee, in transferring the property of the railway companies, was to organize, through foreclosure proceedings on mortgages, a new corporation to which this property was to be transferred. The new corporation

was to be free from all debts "of any nature or character whatsoever," except those specifically mentioned in the agreement. The members of the committee were also members of the board of directors of the new company. Each body had the same legal advisers. Each had the power to incur this debt. The difficulty now comes from the dual relationship occupied by these individuals, the personnel of the directors of the new company having since changed.

The order for the certificates was given by one of the attorneys, as he states, in behalf of the defendant. The court below says "it is not contended that defendant company by any corporate action expressly ordered this printing." The evidence not only bears out this suggestion but fails to show any corporate authority. At the first meeting of February 24th, the question of securing these certificates was discussed. Frasher and others testified fully as to what their understanding was of the meeting, and Thorpe states that he ordered the certificates in February following this meeting. The certificate of organization required by the Act of April 8, 1861, and its several supplements, was filed in the office of the secretary of the Commonwealth March 1st following. It is certain that the defendant did not become vested with the corporate rights and franchises of the defunct street railway charters until that date and the new corporate body, this defendant, did not exist until after that date: Pgh., Cin. & St. L. Ry. Co. v. Fierst, 96 Pa. 144; Parks v. Penna. Clay Co., 60 Pa. Superior Ct. 567. The facts before us bring the case clearly within the principles set forth in these decisions  There is no evidence of operation, possession or other acts to fix liability on the new company for the lithographing ordered before March 1st. After that date there was some discussion among the members of the board as to this work, but not at any meeting duly called for that purpose. They were merely informal discussions. The directors cannot separately or jointly, outside of meetings duly

called, bind the company unless authorized by the by-laws or resolutions of the board of directors: Gaynor v. Williamsport, Etc., Railroad, 189 Pa. 5. The court below was correct in holding that no authority proceeded from the company. The directors could, of course, ratify the contract. "Ratification implies knowledge of the material facts, and to be effective must be made by persons having the power to perform the act which is the subject of ratification. In the absence of evidence that the facts were communicated to the party, or that he had knowledge of them and assented to the acts alleged to have been done for him, the question of ratification should not be submitted to the jury: Twelfth St. Market Co. v. Jackson, 102 Pa. 269; Moore v. Patterson, 28 Pa. 505; Copeland v. Tannery Co., 142 Pa. 446; Zœbisch v. Rauch, 133 Pa. 532; Western National bank v. Armstrong, 152 U. S. 346 (14 Pa. Superior Ct. 572). Ratification, it is true, must be shown by proof of facts from which it may be lawfully presumed, but the facts must be such as are inconsistent with another hypothesis than that the person whose ratification is sought to be established approved and intended to adopt what had been done in his name": Sword v. Reformed Congregation, 29 Pa. Superior Ct. 626. The certificates were sent by the plaintiff to Thorpe, sometime after the transfer of March 7th, at which time his firm was counsel for the committee but not for the company or for the purchaser. He forwarded the certificates to a law firm in New York, who represented the company, and by them they were delivered to and used by the defendant. Under the agreement, the defendant, its officers and agents, had a right to assume that the certificates were delivered in fulfillment of the contract of purchase, unless at the time they were delivered they had knowledge of the manner in which they were ordered. There is absolutely no evidence of this. This would not present such a state of facts from which ratification might be presumed. The discussions of the directors before transfer of the prop-

erty on March 7th, would not import a ratification or adoption. They were obliged, as members of the bondholders committee, to furnish these certificates. Their acts in not calling a meeting of the directors when they knew that the certificates had been ordered, loses its significance by reason of this dual relationship. Further, "the acts or declarations of a director in a corporation will not bind or in any manner affect it unless they are shown to be within the scope of his ordinary powers, or of some special agency.......As we had occasion to say in a recent case corporate rights are not to be frittered away by loose and unauthorized declarations made by persons who at the time had nó authority to bind the corporation; and this principle applies as well to individual directors and employees of a corporation as to strangers": Allegheny County Workhouse v. Moore, 95 Pa. 408; Moshannon Land and Lumber Co. v. Sloan, et al., 109 Pa. 532. "The board of directors, acting as a board, may bind the company by admissions and declarations, but a single director cannot do so except as a special agent of the company. Neither can the admissions nor the declarations of the president bind the company unless he has extra powers given him, nor ordinarily those of the secretary or treasurer: 2 Cook and Corp. Sec. 726": Abington Dairy Co. v. Reynolds, 24 Pa. Superior Ct. 632.

The plaintiff, in dealing with an agent of a corporation, is bound to know the extent of the agent's authority; when it is shown that the agent did not possess the authority claimed the principal will not be bound by his acts: Central Pa. Tel. Co. v. Thompson, 112 Pa. 118; Lauer Brewing Co. v. Schmidt, 24 Pa. Superior Ct. 396. The defendant can only be bound in this matter by evidence of authority from the company. The certificates were ordered by and were sent to the legal adviser of the committee. He knew the terms of the agreement which required the committee to pay for them, and without discussing the question of good faith we do not believe there

was sufficient evidence of authority or ratification, with knowledge, on which to sustain a finding that the certificates had been ordered by this defendant.

The judgment is reversed and is now entered for the defendant.

OPINION REFUSING REARGUMENT, KEPHART, J., December 18, 1916:

We stated in our opinion that the evidence failed to show corporate authority for issuing the certificates. Our conclusion was based on the fact that what transpired at the meeting of February 24th, and other so-called meetings, was not sufficient to establish corporate authority. There was no such corporate action which would bind the corporation for the acts of Mr. Thorpe. This is a deduction from the testimony. It was not necessary to a decision of the case that the lack of corporate authority should come from a failure to submit evidence of a compliance with the Act of 1861, and its supplements, the Acts of 1909 and 1911. Our comment on this feature was stated as an additional reason. It was not intended by our quotation of the law to disturb any rights given by these acts of assembly to the persons "for and on whose account the property is purchased" at foreclosure sales, acting as a de facto corporation, R. R. v. S. R. R., 233 Pa. 76, and it is to such persons that the benefit of these acts is given. When we consider the facts of this case, in connection with these acts of assembly, we are still of the opinion that sufficient was not shown to charge the defendant company with liability for the certificates, even if the order had been by virtue of a resolution placed upon the minutes at the meeting of February 24th.

When an effort is made to fix liability on a corporation de jure, under the Act of 1861 and its supplements, for acts done prior to the filing of the certificate required by the act on the office of the secretary of the Commonwealth, the law demands that evidence be produced showing that the new corporate body finally completed as a

corporation in law by the filing of its certificate consisted of the persons whom the Act of 1861 dealt with as a de facto body.   There is no presumption that the persons in the de facto corporation are the same as those in the de jure corporation: Railroad Co. v. Fierst, 96 Pa. 144. The act does not constitute the de facto corporation as identical with the completed reorganized company.   The structure of the de facto organization is so indefinite and so easily changed that when an effort is made to charge the completed organization with supposed acts done by the de facto company the proof should make it reasonably certain that the completed organization is identical with the de facto one.

Until the new corporation is made a completed entity, by compliance with the statutory requirements, there is no prima facie corporation, substantiated by record evidence, with officers, by-laws, regular meetings and a name by which it can be sued.   Thus, in the absence of any record evidence of the substance of the entity which entered into the contract here sued on, the burden of proving or establishing the identity of the two artificial bodies and a proper authorization of the representatives of the de facto corporation must fall on the party asserting the liability: Railroad Co. v. Fierst, supra, decides that the new corporation as an entity does not come into existence until the formalities are completed.

It will not suffice to offer the certificate filed at Harrisburg as evidence of a compliance with the Act of 1861 and as evidencing authority to bind the new corporation for acts done prior to the completed existence.   This act, and its supplements, specifies what the certificate shall contain and what it shall be evidence of, but to bind for acts done before such corporation exists in law there must be evidence of a compliance with the Act of 1861 and its supplements.   There must be evidence of some known persons entitled to, and claiming the benefit of, these acts and their compliance with the law.

The plaintiff below has entirely failed to show such

identity, or even to establish what is the substance of the de facto corporation, or that the de facto corporation authorized the making of the contract. The court below relies on the "circumstances of knowledge, approval, ratification and acceptance of benefits" by the defendant company, and does not consider that the defendant is a third party and not one of the contractors, even if the de facto corporation was proven to have made the contract. If there is no identity of the two corporations there is no privity of contract between the plaintiff and the defendant, and the acceptance of the benefit of the contract by the defendant is not a ratification of the contract, but the acceptance of the fruits of a contract with the bondholders' committee which the defendant had a right to expect.

Plaintiff started out with an offer to prove by a decree of the court, and other offers, all the facts necessary to ground his case, but failed to follow his offer with any evidence. We do not wish to be understood as holding that no liability could attach to a de jure corporation for the acts of the de facto organization. It is a matter of proof.

The contract provided that the new corporation should be liable for the current operating expenses from the date of the completion of the sale. We said there was no evidence of operation or other acts to fix liability on the new company before March 1st, if this present liability might be said to be under the terms of the agreement. There was no evidence that the purchasers at the foreclosure sale, whomsoever they may be, were in possession of, and did operate, the road. There is no evidence of the persons for, and on whose account, the property was purchased, and, as there is no evidence that these purchasers at the sale took possession of the road and operated it, there was nothing before the court from which the inference might be drawn that they were the persons intended by the acts of assembly or that they had the power by such acts to make the contract. The purchasers are not necessarily the persons for and on whose account the

property is purchased. They may represent bondholders or creditors and it may be on their account that the road is purchased. Having expressed our view on this question at some length we direct that the petition for reargument be refused and that this supplemental opinion be filed with the opinion in this case.