## Wallace, Appellant, v. Public Service Commission et al.

*Public Service Company Law—Reorganization of public service company—Reorganization agreement—Enforcement—Public Service Commission—Jurisdiction.*

Prior to the enactment of the Public Service Company Law, purchasers of the property of a corporation at judicial sale completed the reorganization of the corporation by filing certificates with the secretary of the Commonwealth, in accordance with the requirements of the Act of April 8, 1861, P. L. 260, and its supplements and amendments.

As to public service companies, the Public Service Company Law has added an additional requirement that the approval of the Public Service Commission, evidenced by its certificate of public convenience, must be obtained before it shall be lawful for such company to be incorporated, organized or created.

The Public Service Company Law does not provide for the direct enforcement, by the Public Service Commission, of obligations founded on contract or breach of trust said to arise out of default in performing the terms of reorganization agreements.

Argued October 2, 1922.   Appeal, No. 229, Oct. T., 1922, by petitioner, from order of the Public Service Commission, Complaint Docket, No. 4712, dismissing complaint in the case of George William Wallace v. The Public Service Commission of the Commonwealth of Pennsylvania, and the Crawford County Railways Company, intervening defendant.   Before PORTER, HENDERSON, TREXLER,. KELLER, LINN and GAWTHROP, JJ.   Appeal dismissed.

Complaint and petition to the Public Service Commission to compel the performance of what the petitioner alleged were conditions of a reorganization agreement entered into before the judicial sale of corporate property.

The facts are stated in the opinion of the Superior Court.

The commission dismissed the petition.

Petitioner appealed.

*Error assigned,* among others, was the order of the commission.

*Frysinger Evans,* for appellant.

*Gunnison, Fish, Gifford & Chapin,* for intervening appellee.

*Frank M. Hunter,* Counsel, and *John Fox Weiss,* Assistant Counsel, for the Public Service Commission.

OPINION BY LINN, J., November 20, 1922:

Alleging that breach of a reorganization agreement injured him, appellant filed a petition with the Public Service Commission to compel performance. He averred ownership of four bonds secured by mortgage on property of the Crawford County Railways Company, and that in consequence of default in the payment of interest, a reorganization committee was formed. He declared that the committee promulgated a plan of reorganization involving foreclosure of the mortgage and invited the deposit of bonds to enable it to carry out the plan. He alleged that on August 15, 1921, the Public Service Commission "issued a certificate of public convenience to the said reorganized Crawford County Railways Company" and that thereafter, the reorganized company issued its bonds and delivered them to the reorganized committee for distribution, but refused to deliver any to him, whereby the committee violated "the condition under which they were able to secure a certificate of public convenience." He prayed, first, that the reorganization committee be summoned to appear before the commission and directed "to carry out the terms and conditions upon which the certificate of public convenience" was granted; second, that the reorganization committee be ordered to deliver to him such bonds of the reorganized company as he claimed to be allottable to him pursuant to the agreement; third, that if the bonds were still in the custody of the Crawford County Railways Company, delivery to him be ordered; fourth, for an interpretation of the reorganization agreement in accordance with his contention.

The Crawford County Railways Company filed an answer admitting the default and the formation of the committee for purposes of reorganization, and otherwise answering on the merits. Among other averments it was stated that the mortgage was foreclosed; the property sold at judicial sale to the reorganization committee; payment of its bid into court; and distribution by the

order of the court. The answer set forth that petitioner "failed to appear or present his bonds to the master appointed by the court to make said distribution; and that said distribution so made by the master was duly and finally confirmed by the court." The company further answered that "petitioner having failed to either deposit his bonds with the committee or to present them to the auditor appointed by the court to distribute the proceeds of the sale, has now no right or standing to make claim on account of said old bonds against either this respondent or the said reorganization committee." Respondent denied that the certificate of public convenience was issued subject to any "terms and conditions" and denied the jurisdiction of the commission to grant the prayers of the petition. The commission heard the case and dismissed the complaint. This appeal followed.

The evidence shows that appellant bought the bonds with the interest five years in default, after foreclosure proceedings had begun, and that when he bought them, he received with them a copy of the plan of reorganization promulgated by the committee. It appeared that the purchasers at the foreclosure sale, reorganizing under the Act of April 8, 1861, P. L. 260, its amendments and supplements, filed the required certificates of reorganization and acceptance of article XVI of the Constitution, with the secretary of the Commonwealth. A petition to the Public Service Commission was also filed, alleging the sale, purchase and reorganization, the capital stock and bonds proposed to be issued, and that the proposed reorganization was necessary for the service, accommodation and convenience of the public, and desiring that the commission issue its certificate of public convenience pursuant to article III, section 2 (a and b) and article V, sections 18 and 19 of the Public Service Company Law (1913 P. L. pp. 1388, 1414, 1415) evidencing its approval of the organization of the Crawford County Railways Company and the beginning of the exercise by it of the rights, powers and privileges granted

by the statute. The commission issued its certificate of public convenience on August 15, 1921.

Prior to the enactment of the Public Service Company Law, the Act of 1861, with its supplements and amendments provided that the purchasers at judicial sale, such as apparently took place in this transaction, completed their reorganization by filing with the secretary of the Commonwealth certificates such as the record indicates were filed. The certificate of reorganization so filed evidenced the corporate existence of the new corporation: Railway Co. v. Fierst, 96 Pa. 144; Republic Bank Note Co. v. R. R. Co., 65 Pa. Superior Ct. 72, 74. As to public service companies, the Public Service Company Law has added an additional requirement by providing in article III, section 2, that the approval of the commission evidenced by its certificate of public convenience must be obtained before it shall be lawful for any proposed public service company to be incorporated, organized or created.

On January 17, 1922, this proceeding was begun by petition filed with the commission. We note at once that so much of the certificate of public convenience as is printed in the record was in the usual form and not subject to "terms and conditions" as is stated in the first of appellant's prayers.

It is said in the printed argument for appellant that "the gist of this appeal is that no real consideration was paid at foreclosure sale for the assets of the defaulting company," and that this is in substance a proceeding for the revocation of the certificate of public convenience. It is apparent by the prayers quoted from the petition that appellant's purposes stated in the argument were not suggested in his petition. As the commission was not asked to revoke its certificate, we may not speculate about its powers in that regard. If there is any basis for appellant's statement that no consideration passed, the matter is not before us; he has an adequate remedy elsewhere.

60, (1922).]          Opinion of the Court.

The purpose of the legislature in enacting the statute and the general scope of its provisions have been so fully stated in decisions familiar and recent that it is unnecessary to repeat them. It is sufficient now to say that it does not provide for the direct enforcement by the commission of obligations founded on contract or breach of trust said to arise out of default in performing the terms of reorganization agreements. The commission was without jurisdiction of the subject of the complaint.

The appeal is dismissed at the cost of appellant.