# Lofland v. Bass, Appellant.

*Agency—Employment of agency—Evidence—Insufficiency.*

In an action to recover commissions for securing loan from a building association, the plaintiff cannot recover where he fails to prove his employment by the defendant, and no evidence is produced to prove that the latter knew that the plaintiff was acting for her in the procurement of the loan.

Argued October 5, 1922. Appeal, No. 218, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia, Oct. T., 1921, No. 830, on verdict for plaintiff in the case of Raymond I. Lofland v. Rebecca Bass. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit on a verbal contract for services in placing mortgage. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $151.94 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence, the charge of the court, answers to points, and refusal of defendant's motion for judgment non obstante veredicto.

*Robert Levin,* of *Levin & Teitlebaum,* for appellant.— There was not sufficient evidence that the plaintiff had been employed by the defendant, and the case should not have been submitted to a jury: Munis v. Oliver, 24 Pa. Superior Ct. 64; Miller v. Bruff, 64 Pa. Superior Ct. 177; Sword v. Reformed Congregation, 29 Pa. Superior Ct. 626; Market Co. v. Jackson, 102 Pa. 269; Moore Exrs. v. Patterson, 28 Pa. 505; Copeland v. Tannery Co., 142 Pa. 446; Zoebisch v. Rauch, 133 Pa. 532; Western

National Bank v. Armstrong, 152 U. S. 346 (14 Sup. Ct. Reporter 572) ; Pollock v. Steel Car Co., 230 Pa. 136.

*George Vaughan Strong,* and with him *Lewis Lawrence Smith,* for appellee.—Direct evidence of agency is not indispensable to establish the relation, but it may be inferred from circumstances: Union Refining and Storage Co. v. Bushnell, 88 Pa. 89; 21 Ruling Case Law, 820-821; Early v. Rolfe, 95 Pa. 58; Pollock v. Standard Steel Car Co., 230 Pa. 136.

OPINION BY KELLER, J., November 23, 1922:

The plaintiff sued the defendant for commissions alleged to be due him for securing the approval of a mortgage loan from St. Clement's Building & Loan Association, and also for one month's interest on the loan, which, he averred, was charged against him upon her failure to take the loan. The defendant denied that she ever gave the plaintiff authority to act as her agent in the premises.

It was undisputed that the plaintiff had no personal or direct dealings with the defendant. His authority rested upon a letter which he received from an attorney, as follows: "Will the St. Clement Building Association loan $4,000 on premises of which I enclose a copy herewith at No. 824 N. 19th Street?  Yours truly, E. Hunn." The enclosure set forth that "Mr. Abraham Bass would like to obtain a $4,000 first mortgage on No. 824 N. 19th St."—described the property fully, as regards its condition and value, and then stated: "Mrs. Rebecca Bass, wife of Abraham Bass, 824 N. 19th St. is the owner." Just why Mr. Hunn wrote to the plaintiff instead of directly to the building association does not appear. He was not called as a witness and no evidence was presented of his authority to employ the plaintiff on behalf of the defendant.

In order to show that the defendant knew of plaintiff's employment on her behalf by Mr. Hunn, the plaintiff

41, (1922).          Opinion of the Court.

proved that when the committee from the building association came to view the premises they showed the defendant the above letter. No other proof was submitted to show her knowledge of, or acquiescence in, the employment. We are all of the opinion that' the letter was insufficient to charge her with knowledge. There was nothing in it which gave notice to the defendant that the plaintiff was acting on her behalf in the transaction. The natural conclusion to be drawn from the letter was that the plaintiff was the agent or representative of the building association, that it was addressed to him as such and that in the negotiations he was representing it, not her. The delivery of the title deeds to the plaintiff by defendant's husband is entirely consistent with this view. Unless defendant knew that plaintiff was acting for her and not for the building association she cannot from this circumstance be presumed to have ratified his employment: Sword v. Reformed Congregation, 29 Pa. Superior Ct. 626; Zoebisch v. Rauch, 133 Pa. 532; Addison v. Wanamaker, 185 Pa. 536, 541.

There being no proof in the case of the plaintiff's employment by the defendant and no sufficient evidence that she knew he was acting for her in the procurement of the loan, the defendant's point for binding instructions should have been affirmed.

The fourteenth and seventeenth assignments of error are sustained. The judgment is reversed and is now entered for the defendant.